IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 03-CR-181-006-JHP |
| v. ) | |
| ) | USM Number: 09414-062 |
| SHEILA DIANA FRENCH, ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion to reconsider (Dkt. # 348), and motion for a downward variance (Dkt. # 349). Defendant moves this Court to reconsider its order granting defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. Defendant asks the Court to consider the authority vested in United States v. Booker, 543 U.S. 220 (2005) and sentencing factors set out in 18 U.S.C. § 3553(a), to impose a sentence below the range produced by Amendment 782. Defendant moves under Fed. R. Crim. P. 33, or, in the alternative, Rule 35. The Court finds that defendant's motion to reconsider is, under Rule 33, timely pursuant to Fed. R. App. P. 4(b)(1)(A). United States v. Randall, Jr., 666 F.3d 1238, 1242 (10th Cir. 2011).

In October 2004 defendant was sentenced after pleading guilty to Count Two, charging Maintaining a Location for the Purpose of Manufacturing or Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 856(a)(1) and (b). The Court found defendant responsible for 1,007 grams of a mixture containing methamphetamine and 71.2 grams of ephedrine/pseudoephedrine for a base offense level 32. The Court applied a six-level enhancement because the offense involved the manufacture of methamphetamine and created a substantial risk to the life of a minor, applied

a two-level enhancement for obstruction of justice, and granted a three-level reduction for acceptance of responsibility, for a total offense level 37 and a guideline sentencing range of 262 to 327 months. However, because the statutory maximum for the offense of conviction was twenty years, the guideline sentence was 240 months. The Court sentenced defendant to 240 months in the custody of the Bureau of Prisons (Dkt. # 180). Defendant appealed, and the Circuit reversed and remanded, finding a constitutional <u>Booker</u> error, and a drug calculation error by relying on the entire weight of liquid containing methamphetamine. <u>See</u> Order and Judgment of the Tenth Circuit of Appeals, Dkt. # 279.

On May 24, 2007, defendant was resentenced on remand. The Court found defendant responsible for 1,320 grams of a mixture containing methamphetamine, resulting in a base offense level 32. The Court applied a six-level enhancement because the offense created a substantial risk to a minor, a two-level enhancement for obstruction of justice, and a three-level reduction for acceptance of responsibility, for a total offense level 37 and a range of 262 to 327 months, but the statutory maximum penalty of twenty years confined the guideline sentence to 240 months. The Court again sentenced defendant to 240 months in the custody of the Bureau of Prisons (Dkt. # 305). The Court's findings and sentence were affirmed in October 2008. <u>See</u> Order and Judgment of the Tenth Circuit of Appeals, Dkt. # 332.

In October 2015 the Court moved <u>sua sponte</u> for reduction of sentence pursuant to § 3582(c)(2) and Amendment 782. The Court found the amendment lowered the base offense level two-levels, rendering a total offense level 35 for a sentencing range of 210 to 240 months. The Court reduced defendant's sentence to a term of 210 months in the custody of the Bureau of Prisons. <u>See</u> Order Reducing Sentence (Dkt. # 346). Defendant's presumptive release date is April 15, 2019.

Defendant moves for reconsideration, arguing that in every respect, a similarly convicted codefendant was involved in more serious conduct than the defendant, yet the codefendant received a lower sentence adjustment under § 3582(c)(2) (Dkt. # 348, ¶¶ 3-7). Defendant argues that this disparity in sentence justifies a downward variance from the Amendment 782-prescribed range, and, upon consideration of § 3553(a) factors, imposition of a sentence of 168 months (Dkt. # 348, ¶¶ 9-13). Although defendant depicts herself as substantially less culpable than her codefendant and worthy of a lesser sentence, the record speaks otherwise. Two salient facts separate defendant from her codefendant – enhancements totaling eight levels for placing a minor at substantial risk and obstruction of justice, and defendant not receiving a §5K1.1 reduction in sentence. These factors weighed heavily in determination of the original sentence imposed against each defendant, which, of course, is the starting point for each defendant's sentence reduction under § 3582(c)(2). Indeed, the sentences are disparate, but the disparity is warranted.

Even if unwarranted disparity can be argued, a § 3582(c)(2) proceeding is not the means to seek remedy. There are clear and significant differences between original sentencing proceedings and sentence modification proceedings. Unlike original sentencing proceedings, in which a district court must make a host of guideline application decisions in arriving at a defendant's applicable guideline range and then ultimately impose a sentence after reviewing the § 3553(a) factors, proceedings to modify a term of imprisonment previously imposed are much more limited in character. Section 3582(c)(2) authorizes a district court to reduce the term of imprisonment only if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The applicable policy statements are set forth in §1B1.10 and provide, in pertinent part, that "proceedings under 18 U.S.C. § 3582(c)(2) . . . do not constitute a full resentencing of the

defendant." USSG §1B1.10(a)(3). A district court, in determining whether, and to what extent, a reduction in sentence is warranted, "shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." §1B1.10(b)(1). Further, §1B1.10 makes clear that, for a non cooperating defendant, a district court may not impose a sentence below the range produced by the retroactive amendment. Section 1B1.10(b)(2)(A) reads

> Limitation.– Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

Thus, modification proceedings under § 3582(c)(2) are much more narrow in scope than original sentencing proceedings. The Court found that the applicable sentencing range under Amendment 782 was 210 to 240 months. The Court's authority to reduce defendant's sentence was limited to this sentencing range.

Defendant points to the effects of Booker as a basis to reconsider his sentence. However, the remedial portion of Booker resolved the Sixth Amendment concern by making the Guidelines advisory, it did not, however, alter § 3582(c)(2), which provides the statutory basis for sentence modification proceedings. Thus, defendant's contention that a district court may, under her circumstance, consider Booker and § 3553(a) factors, is erroneous. See Dillon v. United States, 130 S.Ct. 2683 (2010) (held that under § 3582(c)(2) the Sentencing Commission's policy statements in USSG § 1B1.10 are binding on district courts and limit their authority to grant motions for reduction of sentences). Dillon made clear that proceedings under § 3582(c)(2) are neither sentencing nor resentencing proceedings, and that neither Booker's constitutional nor remedial holdings apply to such proceedings. See also United States v. Rhodes, 549 F.3d 833, 839 (10th Cir. 2008) ("Booker

simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)."); see also United States v. Gaines, 345 Fed.Appx. 369, 374-75 (10th Cir. 2009) ("we have [] repeatedly rejected the notion that the principals informing Booker have any role in a sentencing modification proceeding under § 3582(c)(2)."). Because §1B1.10(b)(2)(A) clearly indicates that sentencing courts shall not impose sentences below the amended guideline range, and because that policy statement is binding on district courts pursuant to § 3582(c)(2), district courts lack the authority to impose modified sentences that fall below the amended guideline range. Rhodes, 549 F.3d at 841. Accordingly, any argument that 18 U.S.C. § 3582(c)(2) and §1B1.10 is governed by Booker and grants this Court discretion to reconsider defendant's sentence has been settled. It does not.

For reasons stated herein, this Court does not have the authority to grant defendant's request to impose a modified sentence that falls below the range brought about by Amendment 782.

**IT IS THEREFORE ORDERED** that defendant's motion to reconsider (Dkt. # 348) and motion for downward variance (Dkt. # 349), are **denied**.

**SO ORDERED** this 2nd day of December, 2015.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma